**Pro Se Plaintiff – Emergency Filing**

**FINAL FOR FILING – 10/17/2025**

## DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA – FORT MYERS DIVISION
### PRO SE COMPLAINT

IVEY WINKLER,
Plaintiff,

2:25-CV-937-SPC-NPM

v.

DOUGLAS A. COLLINS,
in his official capacity as Secretary,
U.S. Department of Veterans Affairs,
Defendant.
Case No: _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER THE REHABILITATION ACT

_____/

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, Ivey Winkler, brings this action against the United States Department of
Veterans Affairs ("VA") and Secretary Doug Collins, and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and 29
U.S.C. § 794a(a)(1), as this action arises under the Rehabilitation Act of 1973 and related
federal laws governing reasonable accommodations for qualified employees with
disabilities.

2. Venue is proper in this district under 28 U.S.C. § 1391(e), as the events giving rise to this claim occurred within the jurisdiction of the Fort Myers Division of the Middle District of Florida.

## II. PARTIES

3. Plaintiff Ivey Winkler is a 100% service-connected disabled veteran employed by the Department of Veterans Affairs as a Rating Veterans Service Representative (RVSR).

4. Plaintiff has documented disabilities including posttraumatic stress disorder (PTSD), temporomandibular joint disorder (TMJ), and migraines that are routinely exacerbated by both physical and mental stressors.

5. Defendant United States Department of Veterans Affairs is an agency of the United States government.

6. Defendant Doug Collins, the Secretary of Veterans Affairs, is sued in his official capacity.

## III. FACTUAL BACKGROUND

7. On January 24, 2025, Plaintiff formally contacted Julie Wolf, District Reasonable Accommodation Coordinator, to request a reasonable accommodation for full-time remote work.

8. On March 17, 2025, Plaintiff submitted a completed VA Form 0857 and supporting medical documentation from her psychiatrist recommending full remote work as a reasonable accommodation due to her conditions.

9. On April 18, 2025, Plaintiff's request was approved by the Decision-Making Official (DMO), Lynn Collins, and Plaintiff's reasonable accommodation for full remote work was implemented.

10. Plaintiff continued to perform her duties remotely at an exceptional level, with no performance or conduct issues.

11. On July 28, 2025, Plaintiff received an email from Lynn Collins stating that "in accordance with the Presidential Memorandum, Return to Work, dated January 20, 2025, management is presently reviewing all telework/remote work reasonable accommodations to assess their appropriateness and effectiveness."

12. On August 8, 2025, Plaintiff attended an interactive discussion with the DMO. During this meeting, when Plaintiff asked why the review was occurring, Ms. Collins showed a slip of paper that said "maximum in-office."

13. On August 13, 2025, Plaintiff received notice that her reasonable accommodation for remote work was rescinded, despite her psychiatrist's continued recommendation.

14. On August 19, 2025, Plaintiff submitted a formal Request for Reconsideration along with updated medical documentation reaffirming the necessity of remote work.

15. On August 27, 2025, the reconsideration was acknowledged, and on August 31, 2025, Jennifer Mailhiot, the Reconsideration DMO, upheld the rescission.

16. Plaintiff's psychiatrist explicitly stated that Plaintiff's PTSD symptoms and migraines are significantly aggravated by stressful and triggering environments such as crowded offices, and that she requires a controlled home environment to function at her current performance level.

17. Plaintiff's primary care provider documented that when Plaintiff experiences migraines, "she must take medication and rest; it is unsafe for her to drive when these occur."

18. On October 14, 2025, Plaintiff was ordered to return to the office.

19. On October 16, 2025, Plaintiff experienced a migraine while working in-office, forcing her to leave early and drive 1.5 hours home to safely take her medication. This event demonstrates that the VA's action creates an ongoing risk of harm to her health and employment.

20. Plaintiff promptly contacted her EEO Counselor, and this action follows after administrative exhaustion under EEO Case No. [insert number as in representative's original filing].

IV. CLAIMS FOR RELIEF

21. Defendants' rescission of Plaintiff's approved reasonable accommodation constitutes discrimination based on disability in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.

22. Defendants failed to engage in a meaningful interactive process and instead rescinded the accommodation as part of a broad policy directive, not based on individualized assessment.

23. Defendants' actions have caused and continue to cause Plaintiff irreparable harm, including health deterioration, emotional distress, and loss of effective work performance.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

a. Issue a Temporary Restraining Order and Preliminary Injunction requiring Defendants to immediately reinstate Plaintiff's full remote-work reasonable accommodation;

b. Enter a declaratory judgment that Defendants' actions violated the Rehabilitation Act;

c. Enjoin Defendants from taking retaliatory or adverse actions against Plaintiff related to her accommodation request;

d. Award Plaintiff reasonable costs and any other relief the Court deems just and proper.

Respectfully submitted this 17th day of October, 2025.

Ivey Winkler, *Pro Se Plaintiff*
474 Rio De Janeiro Ave
Punta Gorda, FL 33983
Phone: (941) 979-7944
Email: ivey.winkler@va.gov