UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVEY WINKLER,

    Plaintiff,

v.                                                Case No.:   2:25-cv-937-SPC-NPM

DOUGLAS A. COLLINS, in his
official capacity as Secretary of U.S.
Department of Veterans Affairs,
and U.S. DEPARTMENT OF
VETERANS AFFAIRS,

    Defendants.

## OPINION AND ORDER

Before the Court is pro se Plaintiff Ivey Winkler's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3). For the below reasons, the Court denies the motion.

This is a reasonable accommodations case. Plaintiff is a disabled veteran employed with the Department of Veterans Affairs ("VA"). She suffers from post-traumatic stress disorder, temporomandibular joint disorder, and migraines. Initially, the VA approved her reasonable accommodation request for fully remote work. But now, she must return to working in person. So she brings this lawsuit and seeks emergency injunctive relief. (Docs. 1, 3).

Plaintiff asks for a temporary restraining order and preliminary injunction requiring Defendants to immediately reinstate her full-remote work reasonable accommodation. (Doc. 3). A district court may issue a temporary restraining order without notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate. The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiff falls well short of her burden. To begin, she does not make any showing as to why the Court should issue a temporary restraining order without notice to Defendants. "Without any effort to show why notice should not be required, the Court cannot grant an ex parte TRO." *Free Speech Found., Inc. v. Gold*, No. 2:22-CV-714-SPC-NPM, 2022 WL 16780218, at *1 (M.D. Fla. Nov. 8, 2022). Plaintiff also neglects to offer security to pay Defendants' costs and damages if they are wrongly restrained. *See* Fed. R. Civ. P. 65(c); *see also* M.D. Fla. R. 6.01(a)(4) (requiring that a motion for temporary restraining order include "a precise and verified explanation of the amount and form of the required security"). And she fails to attach a proposed order. *See* M.D. Fla. R. 6.01(a)(6).

More problematic though, her motion fails to show a likelihood of success on the merits. In her motion, she simply argues she satisfies this element because the Rehabilitation Act of 1973 requires federal agencies to provide reasonable accommodations to qualified disabled employees, and Defendants' recission of her full-time remote work accommodation violates the Act. (Doc. 3 at 4). She provides no citation to any legal authority. This is insufficient to show a likelihood of success and is fatal to her request for injunctive relief. *See Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (noting that if a movant "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements"); *Am. C.L. Union of Fla., Inc. v.*

*Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) ("Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits.").

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 20, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4